## HODGE v. STATE. (No. 7620.)

(Court of Criminal Appeals of Texas. April 11, 1923.)

1. Larceny ⊕⇒40(6)—Evidence identifying ring held admissible, in prosecution for theft of diamond set in it.

In a prosecution for theft of a diamond, it was proper to permit a jeweler to describe a ring brought to his place of business by accused, over the objection of accused that the charge was theft of a diamond, and not a ring; it appearing from the evidence that the diamond was set in a ring.

2. Criminal law ⊕⇒1169(9)—Admission of evidence as to value of stolen property held harmless.

In prosecution for felony theft of a diamond, it was not harmful to permit witness to state the value of a ring and mounting, which contained the diamond at the time of the theft; the evidence showing that the diamond itself was of much greater value than $50.

Appeal from Criminal District Court, Williamson County; James R. Hamilton, Judge.

Wayman Hodge was convicted of felony theft, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for felony theft, with the punishment assessed at three years' confinement in the penitentiary.

C. Y. Blackwell owned a diamond, which was set in a small ring in what is known as a Tiffany mounting. In undertaking to remove the ring from his finger it became necessary for Blackwell to file it off; it being cut with the file about opposite the mounting on the underside of the ring. He placed the ring in the watch pocket of his trousers, and the next morning carried his suit of clothes, including these trousers, to a tailor shop to have them pressed. Appellant operated one of the pressing machines at the tailor shop, and is shown to have been the party who pressed appellant's clothes. A day or two thereafter appellant, missing his ring, went to the tailor shop and inquired about it. The proprietor asked appellant if he had found or seen anything of the ring, which he denied. About this time appellant went into the jewelry store of the witness House, having with him a ring in all respects similar to the one described by Blackwell, which had either been broken or cut in two. It was set with a diamond in a "Tiffany" mounting, fitting the description given by Blackwell. Appellant made some inquiry of House with reference to having the diamond set in a stud mounting, but did not leave it, saying he would probably come back later. Perhaps the same day or the day after, he, in company with the witness Sanford, went into the jewelry store of the witness Crowder; appellant at that time having an unmounted diamond in his possession, which he left with Crowder to have placed in a stud mounting. Appellant later sent Sanford back after the diamond, who paid for the mounting, received the stud from Crowder, and returned it to appellant.

Appellant was arrested a few days later, and the stud-mounted diamond found in his shirt in the house occupied by him. Blackwell testified that to the best of his knowledge the diamond so found was the one lost by him in the ring. Appellant claims to have found a diamond ring while sweeping out the shop, which he says had apparently been stepped on by some one. He claims not to know whether he found it before inquiry was made of him by the proprietor with reference to the loss of Blackwell's ring or whether he found it subsequently; but in either event he did not make known to the proprietor of the tailor shop that he was in possession of, or had found, the property.

[1, 2] There are only two bills of exception in the record, and they relate to the testimony of the witness House. Appellant objected to this witness describing the ring, which was brought to his place of business by appellant, on the ground that the charge against him was not for the theft of a ring, but for the theft of a diamond. There is no merit in this objection. The evidence was properly admitted as a circumstance tracing the unmounted diamond into the possession of appellant, and as identifying the ring in his possession as that lost by the owner. House further testified that the ring which appellant had in his possession was reasonably worth $65 or $70; the diamond itself being worth at least that much, and the ring and mounting being worth possibly $4. Appellant objected to the witness stating what the value of the ring and mounting was. The evidence showing that the diamond itself was of much greater value than $50, proof as to the value of the mounting and the ring could not have in any way been harmful.

Finding no error in the record, the judgment is affirmed.