Robert S. CALVERT et al., Appellants,

v.

YOAKUM INDUSTRIES, INC., Appellee.

No. 11402.

Court of Civil Appeals of Texas.

Austin.

May 11, 1966.

Rehearing Denied June 8, 1966.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, 1st Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., H. Grady Chandler and Kerns B. Taylor, Asst. Attys. Gen., Don Bishop, Comptroller's Office, Austin, for appellants.

Guittard, Henderson, Jones & Lewis, O. F. Jones III, Victoria, for appellee.

ARCHER, Chief Justice.

This suit was filed by appellee for the recovery of certain franchise taxes paid by it under protest pursuant to Article 1.05, Title 122A, Taxation-General, Vernon's Ann. Revised Civil Statutes of Texas, to appellant Comptroller, such taxes being claimed due from 1959 through 1964 under Article 12.01, et seq., Title 122A, Taxation-General, Vernon's Ann.R.C.S., of Texas. Appellee contended that the dividends received by it during the tax years in question from foreign corporations or other entities as the result of its business investment in intangibles (stocks, bonds, etc.) owned and held in Texas did not constitute "business receipts within Texas" within the meaning of the franchise tax allocation formula of the 1959 Amendment, Art. 12.02, Title 122A, Taxation-General, Vernon's Ann.R.C.S. of Texas. Appellants contended that the statute as amended in 1959 for the first time set out definite guidelines for business receipts from both tangibles and intangibles, and by the use of its language under Section (d) of said Art. 12.02, "[a]ll other business receipts within Texas," such statute clearly and unambiguously brought such receipts from intangibles within its franchise tax formula. Both appellants and appellee presented their motions for summary judgment based upon the undisputed facts developed in the record and under their respective legal contentions, and the trial judge granted appellee's said motion and denied appellants' motion, entering judgment accordingly on October 19, 1965, upon which date appellants duly excepted to the judgment and duly gave notice of and perfected this appeal.

Appellee's position is that the 1959 recodification of the taxation laws of the State of Texas did not change the meaning or intent of the previous franchise tax statute.

The appeal is founded on five points, separately presented, but closely related, and are that the court erred in granting appellee's motion for summary judgment, on the grounds that dividends received as a domestic corporation from foreign corporations or other entities as the result of its investments in intangibles, owned and held in Texas did not constitute business receipts in Texas within the meaning of the franchise tax allocation formula, and that appellee's activities as a domestic corporation were in effect that of a personal holding company and did not constitute the doing of business in Texas so as to require the inclusion of its dividend receipts from foreign corporations in the franchise tax allocation formula of the 1959 amendment, Art. 12.02, and in overruling a special exception to plaintiff's motion for judgment, because such exception was directed to the affidavit which made a conclusory statement that appellee was a personal holding company, because such was not set out in the protest letter, and because appellee had waived its contention that it was a personal holding company and required to report its dividend receipts, because appellee failed to plead such that it was such a holding company, and the court erred in denying ap-

pellants' motion for judgment because the stock dividends received, are reportable. Appellee asserts that the Legislature in re-codifying the franchise tax statute in 1959, did not change the meaning as well as the operation of the law, and appellee's business activities are not such as to bring it within the application of the franchise tax statute

We have this day decided Calvert et al. v. Humble Oil & Refining Company, 404 S.W.2d 147, in which it was held that the income from foreign corporations, or other entities received in Texas did constitute business receipts within Texas, within the meaning of the franchise tax allocation formula of the 1959 Amendment, Art. 12.02.

We believe that such income and that the receipts should be included in the numerator of the franchise tax formula.

Art. 12.02 was enacted and became effective September 1, 1959 as an amendatory act, "revising Statutes levying the * * * corporation franchise tax * * *", and was enacted as a change in the statute, and to increase the revenue of the State from this source.

American Surety Co. of New York v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715.

We believe that the Comptroller's present construction of Article 12.02 is justified and not erroneous, and is reasonable.

We believe that appellee's personal holding is doing business in Texas and receipts from its intangibles are allocated to Texas.

The tax is levied on the privilege granted by the State to a corporation to do business in the State. Riveroaks Development Corp. v. Shepperd, Tex.Civ.App., 246 S.W.2d 236, err. ref.; First Bank Stock Corporation v. State of Minnesota, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061.

The judgment of the trial court is reversed and judgment rendered that appellee take nothing.

Reversed and rendered.