**RELIANCE INSURANCE COMPANY,**
Appellant,

v.

**J. N. NUTT, Commissioner of Insurance**
et al., Appellees.

No. 11405.

Court of Civil Appeals of Texas.

Austin.

May 25, 1966.

Rehearing Denied June 15, 1966.

Thompson, Coe, Cousins & Irons, I. L. Allen, Michael S. Knuths, Dallas, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Paul W. Phy, Harry Gee, Jr., Ralph R. Rash, Asst. Attys. Gen., Austin, for appellees.

ARCHER, Chief Justice.

This is a premium tax refund case brought pursuant to the provisions of Article 1.05, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended. Appellant, Reliance Insurance Company, a Pennsylvania corporation sought refund of $101,589.00 which it paid to the Commissioner of Insurance of the State of Texas under protest on or about August 1, 1964. The premium taxes of $101,589.00 assessed against appellant were based upon gross premiums received by Standard Accident Insurance Company during the year 1963, prior to the statutory merger of Standard Accident Insurance Company into Reliance Insurance Company effective December 31, 1963. After hearing the evidence, the trial court rendered a judgment decreeing that the plaintiff take nothing in its suit and that the defendants be discharged with their costs. From this judgment, the plaintiff has perfected this appeal.

The appeal is founded on three points assigned as error by the trial court in denying plaintiff recovery of the premium taxes because the statute is a prospective privilege tax, imposing the tax on the privilege of doing business, and because there was no evidence upon which a judgment could be rendered requiring the company to pay the tax on premiums which it did not receive, and finally there is no statute requiring appellant to pay gross premium taxes on the premiums it did not receive.

This action was brought by appellant under the provisions of Article 1.05 as above set out to recover the taxes paid under protest.

During the period January 1, 1963 through December 31, 1963, Standard Accident, a Michigan corporation, was duly authorized to conduct a fire and casualty insurance business in the State of Texas. On December 31, 1963 Standard Accident was merged into and with the appellant, Reliance, in a statutory merger pursuant to the provisions of the laws of Pennsylvania and Michigan and Standard Accident was dissolved and its corporate existence terminated on December 31, 1963, pursuant to Section 7604 of the Michigan Insurance Code of 1956.

On or about May 21, 1964, defendant J. N. Nutt, then Commissioner of Insurance, demanded that the appellant pay to the State Board of Insurance the sum of $101,589.00 claimed to be due and payable by reason of Standard Accident having done business and received premiums in Texas in 1963. On or about August 1, 1964, appellant delivered to the Commissioner of Insurance a check payable to the order of the State Board of Insurance of Texas, in the amount of $101,589.00, which payment was made under a protest directed to the Commissioner of Insurance and the State Board of Insurance.

The money collected represents the taxes which could have been levied on Standard Accident's gross premium collections from January 1, 1963 through December 31, 1963, for insurance upon property or risks located within this State, had Standard Accident not dissolved on December 31, 1963 and had it continued to do business or desired to continue to do business in the State of Texas in the calendar year 1964.

In its original petition, appellant alleged that it was entitled to recover the above described taxes because premium taxes are privilege or occupation taxes imposed and due annually on or before the first day of March in each calendar year for the privilege of doing business for the calendar year in which the taxes are paid. Appellant further alleged that the taxes are assessed and

due for the year in which they are paid and for the right to do business in that year, and such taxes are not taxes for the right to do, or for having done, business in the preceding or any prior year, although they are assessed upon a formula using the amount of premiums written in Texas during the previous year. The trial court, after considering the evidence, without a jury, found for the defendants and thus a take nothing judgment was entered by the trial court.

Appellee asserts that the court correctly denied appellant any recovery because throughout the year 1963 there had been a *de facto* merger of appellant and Standard Accident Insurance Company and appellant was required to pay taxes on premiums received in its operation of Standard, as a continuity of business, and appellant assumed the assets and liabilities of the merged corporation and are liable for the tax, and such is not a contingent tax.

We believe the court was correct in entering the judgment herein.

Appellant admitted that throughout the year 1963 it owned and controlled Standard and is therefore liable for the tax.

■ Merger is an accomplished fact when one corporation owns and controls another corporation and conducts its affairs. Humble Oil and Refining Company v. Railroad Commission of Texas, 133 Tex. 330, 128 S.W.2d 9.

■ This case involves the matter of one company doing business through a wholly owned subsidiary, in which there was no cessation of business.

The merger agreement states that appellant took over the "business, good will and assets" of Standard as of December 31, 1963, and recites that "all debts, liabilities and duties" of both companies "shall attach to the surviving company" and be enforced.

It cannot be successfully contended that the tax is conditional, or a contingent prospective privilege tax which is extinguished if a corporation ceases to do business because appellant's own proof established that there has not been any cessation of business. The appellant obtained the money received from premium collections by Standard in 1963 in the form of liquid assets.

The statutory rule with respect to continuity is applied with particular emphasis in tax cases. In Koppers Company v. United States, 134 F.Supp. 290, 295, 133 Ct.Cl. 22, (cert. den. 353 U.S. 983, 77 S. Ct. 1279, 1 L.Ed.2d 1142), the Court said:

"The surviving corporation in a statutory merger represents the continuation of a business that was operated before in the form of its constituents. For practical, business, and many tax purposes, it is treated the same as its components which formed it. It accedes to the rights and privileges as well as the obligations of its components by operation of law. It becomes primarily liable for the tax obligations of its components as the taxpayer and not secondarily liable as a transferee.

\*   \*   \*   \*   \*   \*

In Commissioner of Internal Revenue v. Munter, 331 U.S. 210, 213, 67 S.Ct. 1175, 1176, 91 L.Ed. 1441, the Court stated that the Sansome rule 'for tax purposes, treats a reorganized corporation as but a continuation of its predecessors   \*   \*.' "

In 1951 the Legislature re-enacted Article 7064, amending it by adding to the second paragraph the following sentence:

"\*   \*   \* Provided, further, that the amount of all examination and valuation fees paid in each taxable year to or for the use of the State of Texas by any insurance organization hereby affected

shall be allowed as a credit on the amount of premium taxes to be paid by any such insurance organization for such taxable year."

The legislative intent behind the 1951 amendment appears in the caption to that Act (Acts 52nd Leg.R.S.1951, ch. 402, p. 695), which recites that it is an Act amending the Act of the 49th Legislature.

" * * * so as to increase the tax therein levied on the gross premium receipts of certain classes of insurance companies, or carriers, and allowing as a credit against said taxes all examination and valuation fees paid in each taxable year. * * *"

When this language is considered in connection with the language quoted above from the body of the 1951 amendment, it becomes clear that Article 7064 establishes and levies a tax upon the receipt of premiums, which tax cannot be extinguished by the merger or even by the withdrawal of an insurance company after the collection of the premiums.

In American Surety Co. of New York v. Axtell Company, 120 Tex. 166, 36 S.W.2d 715, the Court quotes with approval 36 Cyc., Paragraph 10, p. 1165, as follows:

" * * * An amended act is ordinarily to be construed as if the original statute had been repealed, and a new and independent act in the amended form had been adopted in its stead; or, as frequently stated by the courts, so far as regards any action after the adoption of the amendment, as if the statute had been originally enacted in its amended form. * * * It will be presumed that the Legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment."

Article 7064 requires each company to report the gross amount of premiums received at the time of filing its annual statement to report to the Comptroller "the gross amount of premiums received" on property and from persons located in the State "during the preceding year", and each of such companies shall pay an annual tax upon such premium receipts as follows: [Here follows the tax rate provision.]

" * * * Upon receipt by the Board of Insurance Commissioners of the sworn statements, showing the gross premium receipts by such insurance carriers, the Board of Insurance Commissioners shall certify to the State Treasurer the amount of taxes due by each insurance carrier which tax shall be paid to the State Treasurer on or before the first day of March following, and the Treasurer shall issue his receipt to such carrier, which shall be evidence of the payment of such taxes. No such insurance carrier shall receive a permit to do business in this State until all such taxes are paid."

■ The denial of a permit to those failing to pay is an enforcement provision and not a relinquishment of the liability.

■ Appellant asserts that a foreign corporation would be able to operate in the State for a full year and withdraw from the State and be exempt from all tax liabilities under Art. 7064, or be able to operate without paying the tax every other year. This is not allowable. Section 55, Article 3, of the Texas Constitution, Vernon's Ann.St.; State v. Pioneer Oil and Refining Company, 292 S.W. 869 (Tex.Com.App., Sec. A, Judgment aff.).

The judgment of the trial court is affirmed.

Affirmed.