Robert S. CALVERT, Comptroller of Public
Accounts of the State of Texas,
et al., Appellants,

v.

Edward G. KADANE et al., Appellees.

No. 11522.

Court of Civil Appeals of Texas.

Austin.

June 28, 1967.

Rehearing Denied Sept. 13, 1967.

Crawford C. Martin, Atty. Gen., George Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Staff Asst. Atty. Gen., John R. Grace, Gordon C. Cass, Asst. Attys. Gen., Austin, for appellants.

Kilgore & Kilgore, Kiel Boone, Eugene R. Lyerly, Dallas, for appellees.

HUGHES, Justice.

This suit was brought by Edward G. Kadane, Jack E. Kadane, and Mike Kadane, doing business as G. E. Kadane and Sons; Kadane-Griffith Oil Company; Edward G. Kadane, Jack E. Kadane, Mike Kadane, and Fred Goodstein, a partnership, doing business as Kadane-Goodstein Oil Company, appellees against Robert S. Calvert,

Comptroller of Public Accounts, Jesse James, Treasurer and Crawford C. Martin, Attorney General, in their respective official capacities of the State of Texas, to recover taxes paid, under protest, as Gas Production taxes imposed by Chapter 3, Title 122A, Taxation General, and being Arts. 3.01–3.10, Vol. 20A, V.A.T.C.S.

Trial was to the court without a jury. Judgment was rendered for appellees for the amounts sued for except $100.00 thereof which was adjudged to the State of Texas, and as to which sum no issue is presented.

The basic facts were stipulated. However, some testimony was heard.

The Statute to be construed in connection with the facts presented is Art. 3.01, which we quote in full:

"Art. 3.01   Calculation of Tax

(1) There is hereby levied an occupation tax on the business or occupation of producing gas within this State, computed as follows:

A tax shall be paid by each producer on the amount of gas produced and saved within this State equivalent to seven per cent (7%) of the market value thereof as and when produced.

Provided, however, that the amount of the tax on sweet and sour gas shall never be less than $121/_{1500}$ of one cent (1¢) per one thousand (1,000) cubic feet.

(2) In calculating the tax herein levied, there shall be excluded: (a) gas injected into the earth in this State, unless sold for such purpose; (b) gas produced from oil wells with oil and lawfully vented or flared; and (c) gas used for lifting oil, unless sold for such purposes. Acts 1959, 56th Leg. 3rd C.S. p. 187, ch. 1."

The question to be decided here is whether gas, the production of which has been taxed was "gas used for lifting oil."

The facts are:

Appellees are the owners and operators of certain oil and gas leaseholds in Texas, and in the operation of such leases they use casinghead gas as a source of power to operate equipment which lifts oil from beneath the surface of the land. All of the casinghead gas for the production of which taxes are sought on this appeal has been used on appellees' leases in operating equipment to lift oil either hydraulically (Kobe Method) or mechanically. None of such gas was used for any other purpose, and none of it was sold.

■ We are of the opinion that this gas is exempt from taxation under the provisions of Art. 3.01, supra, for the reason that such gas was used "for lifting oil," and was not sold for such purpose.

In 1941, the 47th Legislature enacted H.B. No. 8, effective May 1, 1941, an omnibus tax bill which included provisions for an occupation tax on the business or occupation of producing gas within the State of Texas. (Art. 7047b, V.T.C.S.) After establishing the tax, the act provided for the following exceptions:

"In determining the market value of gas for the purpose of computing the tax due, there shall be excluded the value of residue gas lawfully *injected* into the earth in the State of Texas for the following purposes:

(a) storage thereof;

(b) repressuring;

(c) lifting oil; and also

(d) gas lawfully vented or flared in connection with the production of oil; * * *." (Italics ours)

In 1945, the Legislature passed H.B. 628 in which it substantially amended Article 7047b to provide that in calculating the tax therein levied there shall be excluded:

"(a) gas injected into the earth in this State, unless sold for such purpose;

(b) gas produced from oil wells with oil and lawfully vented or flared; and

(c) gas used for lifting oil, unless sold for such purpose."

In 1951, and again in 1954, the Legislature made slight amendments to Article 7047b which did not substantially alter the effect of the statute. The 1951 amendment changed the word "purpose" as used in subsections (a) and (c) to the plural form "purposes," and the 1954 amendment changed the word "purposes" as used in subsection (a) back to "purpose" and used numbers instead of letters to denote the three exclusions.[1]

In 1959, in the general codification of the taxing statutes, Article 7047b became art. 3.01 supra.

The 1941 statute exempted from taxation gas *injected* into the earth for the purposes specified or gas which was lawfully vented or flared in connection with the production of oil.

The 1945, and subsequent amendments, made these exemptions, among others: (1) gas injected into the earth (2) gas used for lifting oil.

█ The presumption is, in construing an amendment to an existing statute, that the Legislature intended to change the statute. American Surety Co. of New York v. Axtell Co., 120 Tex. 166, 36 S.W. 2d 715.

In 1947, the Attorney General of Texas rendered an opinion [2] on the specific question presented here. We quote from such opinion:

" 'The question has arisen in this department as to whether gas burned in engines used for lifting oil is exempt from the tax levied under Article 7047b R.C.S.

Sub-section (c) of Section 1 (1) of Article 7047b excludes gas used for lifting oil, unless sold for such purpose, in computing the tax on the business or occupation of producing gas within this State.

It is argued that gas used for lease operations might well be within the exclusion provision of gas used for lifting oil. A pumping engine operating a pumping jack uses the gas burned to operate the engine for lifting oil. I shall, therefore, thank you to advise this department whether gas consumed in an engine used for lifting oil is taxable under Article 7047b.

Reference is made to your Opinion O–4151–A.'

The question presented is the use of gas as explained in your letter exempt from the occupation tax imposed by Article 7047b, by virtue of the exclusion contained in Subsection c of Section 1 of said Article. This subsection reads as follows:

'Gas used for lifting oil, unless sold for such purpose.'

If the use as explained in your letter, namely as fuel for the operation of a pumping engine which lifts oil, is a use comprehended by said Subsection of the statute, then no tax is due upon the production of said gas. We do not, however, accord such meaning to the phrase in the statute 'used for lifting oil.' This term is meant only to apply to gas injected into the earth for repressuring or lifting the oil of the ground, and has no reference to its use as fuel to generate mechanical power, such as pumping operations for lifting oil. This is the construction this Department has heretofore accorded to it. (See Opinion O–4151–A, a copy of which you have.) This, we think, was the manifest intention of the

---

1. Acts 1951, 52nd Leg. p. 695, ch. 402, Sec. III; Acts 1954, 53rd Leg. 1st C.S. p. 3, ch. 2, Art. I, Sec. 1.

2. No. V-467, addressed to the State Comptroller.

Legislature, and you are accordingly so advised."

The previous opinion referred to by the Attorney General, O–4151–A, was rendered in 1941.

The 1947 opinion of the Attorney General did not mention the 1945 Amendment to the statute being construed.

Under these circumstances, we cannot give much weight to the fact that the Comptroller's department has for twenty years held taxable gas used to power motors used to lift oil.[3]

 It is our opinion that the interpretation placed by the Attorney General on the statute in question in 1947 was clearly wrong. Departmental construction of an unambiguous statute which is clearly wrong is not binding on the courts. Guarantee Mutual Life Insurance Company v. Harrison, Commissioner of Insurance of Texas, 358 S.W.2d 404, Tex.Civ.App., Austin, writ ref. n. r. e.

 We give meaning and effect to the 1945 Amendment of this statute and hold that gas may be "used" to lift oil without it being injected into the earth.

 We also hold that the word "used," as contained in the statute, is synonymous with the words "employed" or "consumed". See Reynolds v. McMan Oil and Gas Co., 11 S.W.2d 778, 782, Tex.Comm. of App.

If the word "used" does not have such meaning in the present context, then it has no meaning in the statute. This is true, first, because gas injected into the earth is specifically exempted from taxation, and second, because without injecting gas into the earth to lift oil no means are suggested, and none are apparent, as to how gas could be used to lift oil from the earth

except by its consumption in the production of power utilized for such purpose.

 It is our opinion that gas which is consumed in furnishing power to operate a "prime mover" or motor which, in turn, operates equipment to lift oil from the earth, either hydraulically or mechanically, unless purchased for such purpose, is exempt from taxation under Art. 3.01, supra. Any other construction of this statute would do violence to the language used in it, and to ordinary statutory rules of construction, and to the plainly expressed legislative intent.

The judgment of the trial court is affirmed.

Affirmed.

---

3. There was inconsistency by the Comptroller in administering this tax as shown by the testimony of Mr. W. B. Davis, an employee of the department, to the effect that no tax was levied on gas consumed by a motor, "prime mover," used to compress injection gas that aerated or lifted a column of oil from the earth.