

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 12, 1971

Hon. William B. Sullivant
County Attorney
Cooke County Courthouse
Gainesville, Texas 76240

Opinion No. M-835

Re: The imposition of a
$10.00 per month
supervisory fee on
persons who have been
granted probation as a
result of a recommenda-
tion by a jury.

Dear Mr. Sullivant:

Your request for our opinion presents the following question:

Whether or not one who is convicted of a felony
and sentenced to a term of probation may be required
to pay $10.00 per month supervisory fee pursuant to
the terms of Article 42.12, Section 6a, subdivision (a),
Texas Code of Criminal Procedure, where the probation
was granted as a result of a recommendation by a jury.

A reading of the language contained in Section 6a of Article
42.12, Texas Code of Criminal Procedure, added by the 60th Legis-
lature in 1967, makes it apparent that this provision was added
in order to provide additional revenue which could be used to ease
the financial burden of administering the probation laws. Thus,
in the purpose of the Legislation no difference can be perceived
between the administration of probation where the probation was
exclusively within the province of the trial judge and where the
probation was granted by the trial judge as a result of the rec-
ommendation of a jury. However, some problem arises from the
language contained in the last line of Section 3(a) of this Article
42.12. This Section 3(a) in its entirety reads as follows:

"Where there is a conviction in any Court of
this State and the punishment assessed by the jury
shall not exceed ten years, the jury may recommend
probation upon written sworn motion made therefor
by the defendant, filed before the trial begins.
When the trial is to a jury and the defendant has
no counsel, the court shall inform the defendant
of his right to make such motion, and the court

-4042-

shall appoint counsel to prepare and present
same, if desired by the defendant. In no case
shall probation be recommended by the jury ex-
cept when the sworn motion and proof shall show,
and the jury shall find in their verdict that the
defendant has never before been convicted of a
felony in this or any other State. This law is
not to be construed as preventing the jury from
passing on the guilt of the defendant, but he
may enter a plea of not guilty. In all eligible
cases, probation shall be granted by the court if
the jury recommends it in their verdict.

"If probation is granted by the jury the court
may impose only those conditions which are set forth
in Section 6 hereof." (emphasis added).

The use of the term "granted by the jury" in the last sen-
tence of this Section 3(a) is somewhat at odds with the language
in the remainder of the article. In the remainder of the article,
the Legislature speaks of the granting of probation as being with-
in the province of the court, whereas the recommending of the term
of probation is within the province of the jury. Of course, the
next to the last sentence in the above quoted paragraph makes it
clear that the recommendation of the jury as to the granting of
probation is absolutely binding upon the Court.

It is our opinion that the term, "A court granting probation
. . ." in Section 6a, the portion added by the last amendment to
Article 42.12, refers to the act of the Court in entering its
judgment in either case whether probation is recommended by a jury
or, on the other hand, determined to be appropriate by the trial
judge.

" . . . a 'judgment' is something more than the
finding of the facts in the controversy, but is a
solemn sentence of the law pronounced by the Court
upon the facts found.

" . . . From these definitions, it follows that
no matter how clearly and decisively the entrys in
the record may indicate what the ultimate 'judgment'
or the sentence of the law when pronounced will be,
until it is so pronounced, there is no 'judgment,'
and even though the court has fully found the facts
and stated the conclusions of law, or the jury has
returned a complete verdict which has been accepted,
neither of these acts will constitute a 'judgment.' "
23 Words and Phrases, 371-372.

In construing a statute in its amended form, particularly regarding any action which takes place after the adoption of the amendment, the statute is to be construed as though it had been originally enacted in its amended form. Calvert v. Humble Oil and Refining Company, 404 S.W.2d 147 (1966).

In American Surety Co. of New York v. Axtel Co., 120 Tex. 166 36 S.W.2d 715 (Tex.Comm.App. 1931, See also 38 S.W.2d 1110), the Commission of Appeals had this to say regarding the construction of an amended statute:

" . . . A particular section of an act of the Legislature, when enacted, must be construed in view of the existence of the original statute as it stands after the amendment is introduced; it and all sections of the old law must be regarded as a harmonious whole, as connected with and naturally acting upon each other. Shipley v. School District (Tex.Com.App.) 250 S.W. 159, 160; Cole v. State, 106 Tex. 472, 170 S.W. 1036. 'Words used in the original act will be presumed to be used in the same sense in the amendment. An amended act is ordinarily to be construed as if the original statute had been repealed, and a new and independent act in the amended form had been adopted in its stead; or, as frequently stated by the courts, so far as regards any action after the adoption of the amendment, as if the statute had been originally enacted in its amended form. The original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted, and as still speaking from that time; while the new provisions are to be construed as enacted at the time the amendment took effect. It will be presumed that the Legislature, in adopting the amendment, intended to make some change in the existing law, and therefore the courts will endeavor to give some effect to the amendment.' 36 Cyc. par. 10, p. 1165." (at page 719).

It is apparent then that the Legislature in adding Section 6a in 1967 intended to make a change. To say that the change was intended to effect only those judgments of probation in which the probation was determined to be appropriate by the judge finds no support in any other provisions of the statute. Applying the above principles so as to harmonize the amendment with the remainder of the statute we conclude that this additional condition of probation may be imposed in any sentence of probation.

Hon. Sullivant, page 4          (M-835)

## SUMMARY

Pursuant to the provisions of Section 6(a), subdivision (a), Article 42.12, Texas Code of Criminal Procedure, a fee of $10.00 per month may be assessed against a person who is granted probation irrespective of whether the probation is adjudged by the court sitting without a jury or recommended by a jury and then granted by the Court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By NOLA WHITE
First Assistant

Prepared by Max P. Flusche, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Larry Craddock
Melvin Corley
Bob Lattimore
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant