John BURNS d/b/a ABD Bonding Company, Appellant,

v.

HARRIS COUNTY BAIL BOND BOARD and Sheriff Jack Heard, Appellees.

No. 01–83–00039–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Sidney Braquet, Craig A. Washington, Houston, for appellant.

Mike Driscoll, Billy E. Lee, Houston, for appellees.

Before BULLOCK and JACK SMITH, JJ.

## OPINION

BULLOCK, Justice.

Appellant brought suit against appellees to enjoin them from implementing certain policy changes regarding bail bondsmen in Harris County. After the trial, the court found that appellees' actions were "valid exercises of authority," and denied appellant's claim for relief. Appellant brings three points of error in the trial court's award of judgment to appellees.

In his first point of error, appellant alleges that the trial court erred in rendering judgment for appellees because one of the policy changes in question deprived him of a property interest without procedural due process. Appellant had two outstanding bond forfeiture judgments against him when he filed suit, and he had arranged with the trial courts rendering those judgments to pay out his obligations in installments. Appellees changed their policy as of April 1, 1982, and decided that they would no longer accept bonds from any surety who was in default on a bond forfeiture judgment. Since appellant was technically in default by his failure to pay the entire judgment, he was thereafter prohibited from signing as a surety on any new bonds.

■ The test of when default occurs is set out in Tex.Code Crim.Pro.Ann. art. 17.-11, § 2 (Vernon 1977) (hereinafter referred to as "article 17.11"): "A surety shall be deemed in default from the time the trial court enters its final judgment on the scire facias until such judgment is satisfied or set aside." A scire facias judgment becomes final when the trial court finds that the surety has failed to show sufficient cause for the defendant's failure to appear as required. Tex.Code Crim.Pro.Ann. art. 22.-14 and 22.15 (Vernon 1966). Since appellant was in default, he was disqualified to sign as a surety by the provisions of article 17.11, section 2, which states: "Any person who has signed as a surety on a bail bond and is in default thereon shall thereafter be disqualified to sign as a surety so long as he is in default on said bond."

Appellees changed their policy to conform to these provisions. Appellant argues that, by so doing, they effectively suspended his license as a bail bondsman without giving him notice or a hearing. However, appellant's license has not been suspended. As soon as he satisfies the judgments against him, he may write new bonds without having to apply for a new license or a renewal under the provisions of Tex.Rev.Civ.Stat. Ann. art. 2372p–3 (Vernon Supp.1982–83) (hereinafter referred to as "the licensing act"). Since appellant has chosen to pay off his judgments in installments, he has temporarily forfeited his right to write new bail bonds. Neither the appellees nor the trial court has deprived appellant of any right guaranteed by law. Appellant's first point of error is overruled.

■ In his second point of error, appellant alleges that the trial court erred in rendering judgment for appellees because section 9(b)(6) of the licensing act supercedes article 17.11, section 2. The licensing act provides that the licensing board may revoke or suspend a license for failure to pay a final judgment within 30 days. Appellant argues that article 17.11 is superceded, because it is an earlier, less specific

statute providing for immediate effective license suspension upon a final forfeiture judgment against a surety.

Once again, appellant confuses license suspension with a temporary forfeiture of his authority to sign as a surety on new bonds. If, after 30 days, appellant did not pay off his obligations on his final judgments, the licensing board was authorized to consider suspending or revoking his license under section 9(b)(6) of the licensing act. The two sections are not facially in conflict, and we must construe them to avoid needless conflict. *See Summerford v. State,* 627 S.W.2d 468 (Tex.App.—Houston [1st Dist.] 1981, no pet.); *City of Fort Worth v. Bostick,* 479 S.W.2d 350 (Tex.Civ. App.—Fort Worth 1972, writ ref'd n.r.e.). Appellant's second point of error is overruled.

In his third point of error, appellant alleges that the trial court erred in rendering judgment for appellees because appellees' policy changes usurped the authority of the Harris County trial courts to allow deferred payments on bond forfeiture judgments. Appellees, in their change of policy letter dated April 1, 1982, construed section 2 of article 17.11 to require full payment of a judgment before a surety is authorized to sign on new bonds. This construction temporarily disqualified appellant from signing as a surety on new bonds because of his deferred payment arrangements with two Harris County trial courts. Appellant argues that this construction is incorrect, and that appellees exceeded their authority in construing the statute to disallow such arrangements when they were sanctioned by a court. However, the effect of the policy change was not to prevent appellant from making deferred payments on forfeiture judgments, but simply to disallow him from signing as a surety on new bonds until the judgments are completely satisfied.

The trial court found that appellees' construction of article 17.11, section 2 was a valid exercise of the licensing board's authority. Appellant has not demonstrated how that finding is in error. Appellees' construction did not affect appellant's ability to arrange with the trial court to defer payments on his judgments, or the trial court's authority to approve such an arrangement. We fail to see how appellees' actions have usurped any power granted to the Harris County trial courts. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.