TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00131-CV







Dizdar Development, Inc. and Central Education Agency, Appellants



v.



Board of Trustees of Mission Consolidated Independent School District, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 99-11705, HONORABLE ERNEST C. GARCIA, JUDGE PRESIDING








 Dizdar Development, Inc. ("Dizdar") and the Central Education Agency appeal
from a district-court judgment that reverses a final order issued by the Commissioner of Education
in a suit brought by the board of trustees of the Mission Independent School District ("Mission"). 
We will reverse the district-court judgment and remand the cause to that court.


THE CONTROVERSY



 Dizdar owns subdivision lots in Hidalgo County. About half the lots lie in the
Mission district, the other half lie in the Sharyland Independent School District ("Sharyland"). 
Dizdar initiated in each school district a proceeding to detach from the Mission district the lots
therein and to annex them to the Sharyland district.(1) Both school districts denied the relief
requested by Dizdar. Dizdar appealed from their decisions to the Commissioner of Education
under former section 11.13(a) of the Texas Education Code. This statute authorized such appeals
by a person aggrieved by the "actions or decisions of any [school district] board of trustees." Act
of Aug. 26, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10 (Tex. Educ. Code
Ann. § 11.13(a), since repealed and codified at Tex. Educ. Code Ann. § 7.057(a)(2)(A) (West
1996)) ("§ 11.13(a)").(2)

 In a final order, the Commissioner declined to set aside the school-district decisions
on Dizdar's petition for detachment and annexation. Dizdar sued in district court for judicial
review of the order. See Act of June 6, 1990, 71st Leg., 6th C.S., ch. 1, § 2.22, 1990 Tex. Gen.
Laws 1, 22 (Tex. Educ. Code Ann. § 11.13(c), since repealed and codified at Tex. Educ. Code
Ann. § 7.057(d) (West 1996)). The district court rendered judgment affirming the
Commissioner's order. In an earlier appeal taken by Dizdar to this Court, we held the district
court and the Commissioner had each erred in the construction they placed upon a statute not
material in the present appeal. We therefore reversed the district-court judgment and remanded
the controversy to the Commissioner. See Marted v. Central Educ. Agency, No. 3-97-267-CV
(Tex. App.--Austin Jan. 15, 1998, pet. denied) (not designated for publication).

 Following our remand to the Commissioner, Mission moved that he dismiss
Dizdar's administrative appeal on the basis of section 19.0221(i) of the Code, a statute treated at
length below. The Commissioner declined to dismiss Dizdar's appeal and proceeded to the merits
of the controversy. Based on findings of fact and conclusions of law set forth in a final order, the
Commissioner granted Dizdar's petition for detachment and annexation of the lots in question.

 Mission sued in district court for judicial review of the Commissioner's final order. 
The Central Education Agency appeared by answer; Dizdar intervened in the cause in defense of
the order. Following a hearing, the district court reversed the Commissioner's order and
implicitly remanded the controversy to that officer for dismissal for want of subject-matter
jurisdiction.(3) Dizdar and the Central Education Agency appeal now from the district-court
judgment.


DISCUSSION AND HOLDINGS



 In its petition filed in district court, Mission alleged the Commissioner's order was
in excess of his statutory powers because he had construed erroneously the relevant provisions of
the Code. Mission advances the same contention as appellee here. The Central Education Agency
and Dizdar contend on appeal that the Commissioner properly construed the relevant statutes to
conclude he possessed power to hear and determine the merits of Dizdar's administrative appeal
from the school districts' disapproval of Dizdar's petition for detachment and annexation.

 We must begin our discussion with section 11.13(a) of the Code. See Tex. Educ.
Code Ann. § 11.13(a). This statute in general terms authorizes administrative appeals to the
Commissioner in the following terms:


[P]ersons having any matter of dispute among them arising under the school laws
of Texas or any person aggrieved by the school laws of Texas or by actions or
decisions of any board of trustees . . . may appeal in writing to the commissioner
of education . . . .



§ 11.13(a) (emphasis added). So far as this statute is concerned, the right to an administrative
appeal is limited only by the requirement that the affected person be "aggrieved" by the school
laws or an action or decision of a board of trustees. That is the simple, obvious, and plain
meaning of the statute. Section 19.0221 of the Code appears in a subchapter titled "Detachment
and Annexation of Certain Territory." It is thus a more particular statute and should be understood
accordingly. In section 19.0221, the legislature provided as follows:


(h) If both boards of trustees of the affected districts approve the petition, each
commissioners court to whom the matter is required to be reported shall enter
an order redefining the boundaries affected by the transfer [of territory].


(i) If the board of trustees of either affected district disapproves the petition, an
aggrieved party . . . in either district may appeal the board's decision to the
commissioner of education under Section 11.13 of this Code.


Act of May 10, 1991, 72d Leg., R.S., ch. 152, § 1, 1991 Tex. Gen. Laws 742 (Tex. Educ. Code
Ann. § 19.0221(h)(i), since repealed and codified at Tex. Educ. Code Ann. § 13.051(i)(j) (West
1996)) (Emphasis added).

 As it did below, Mission contends section 19.0221(i), properly interpreted, denies
the right to appeal to the Commissioner when both affected districts disapprove a petition for
detachment and annexation. Consequently, section 19.0221(i) operates as an exception to section
11.13(a) of the Code, which creates a general right to an administrative appeal. Because both
districts disapproved Dizdar's petition in this instance, Dizdar had no right to appeal to the
Commissioner and the Commissioner had no power to decide the appeal in those circumstances. 
Dizdar and the Central Education Agency disagree, of course, with Mission's interpretation of
section 19.0221(i). We conclude section 19.0221(i) will not reasonably bear the meaning Mission
attributes to it.

 The most conspicuous factors evident in these provisions of the Code are as
follows: (1) section 11.13(a) grants a general right to appeal to the Commissioner free from any
restrictions apart from a requirement that the person be "aggrieved" by an action or decision of
"any board of trustee"; and (2) not a single word or phrase in section 19.0221(i) carries a
connotation of denial, restriction, or limitation--instead, the words of that section are consistent
only with the idea that a right to an administrative appeal exists in the circumstances described
therein. Section 19.0221(i) declares unequivocally that an aggrieved party "may appeal" if the
board of trustees of either affected district disapproves the petition. This is consistent and
harmonious with the general right to an administrative appeal created in section 11.13(a).

 Mission advances several arguments in support of its contrary interpretation of
section 19.0221(i). Mission argues first that in both subsections (h) and (i) of section 19.0221,
the legislature indicated an intention to make final and exclusive the decisions of affected districts
when they concurred in either approving or disapproving a petition for detachment and annexation. 
Mission reasons thus from the fact that section 19.0221(h) omits to provide within itself a right to
appeal to the Commissioner when both districts approve a petition for detachment and annexation. 
Mission argues next that the legislature's use of the singular possessive noun "board's" in section
19.0221(i) indicates that no right to an administrative appeal was intended when both boards of
trustees disapproved a petition. "If an appeal were authorized when both boards disapproved,"
Mission reasons, "then the appeal would be from the 'boards' decisions." And if the text of
section 19.0221(i) will not bear these contentions, Mission points to a sentence in the legislative
bill analysis referring to section 19.0221(i). That bill analysis declares that section 19.0221(i)
"[a]uthorizes an appeal to the commissioner of education by a party to the proceedings from either
school district if one district disapproves the petition."

 So far as we understand these contentions, none of them addresses the essential
factors mentioned above: (1) section 11.13(a) gives a general right to an administrative appeal to
any person aggrieved by any decision or action of any board of trustees; and (2) nothing in section
19.0221(i) or elsewhere in the Code purports to deny or restrict that right created in terms so
general. If section 19.0221(i) or another section of the Code purported affirmatively to deny the
right to an administrative appeal when both districts disapproved a petition, then that denial would
restrict the general right created in section 11.13(a), but no such statutory provision has been
suggested to us and we have found none. It is immaterial then that the legislature omitted to
provide in section 19.0221(h) for an administrative appeal when both districts concurred in
approving a petition--the right to such an appeal exists in such instances by virtue of section
11.13(a) when no statute purports to deny the right. The same logical flaw undermines Mission's
arguments based on the use of the singular possessive noun "board's" and Mission's argument
from the bill analysis. We turn then to another argument made by Mission in support of its
contention.

 In 1995, the legislature rearranged and amended the Code extensively. Former
section 19.0221(i), which lies at the core of the present dispute, was amended to provide exactly
what was missing theretofore--statutory language denying expressly a right to an administrative
appeal when both districts disapprove a petition. The pertinent part of the Code now provides as
follows: "If both boards of trustees of the affected districts disapprove the petition, the decisions
may not be appealed." Tex. Educ. Code Ann. § 13.051(j) (West 1996). Mission does not contend
the 1995 amendment governs the present case. Mission argues instead that the 1995 amendment
demonstrates what the legislature intended by its earlier enactment of section 19.0221(i), namely
an intention to deny the right to an administrative appeal when both districts disapproved the
petition. We may note here that if such was the legislature's intention in composing the language
of section 19.0221(i), the legislature chose the most inapt language possible to express such an
intention when it chose words of grant rather than words of denial or restriction. More to the
point, perhaps, Mission's theory rests entirely upon a naked implication Mission imputes to the
text of section 19.0221(i). This is an argument from silence, without authority, and impermissible
in all events.


The settled rule is that when the legislative intent can be gathered from a reasonable
interpretation of the language of a statute, it is not permissible to resort to
interpretation by implication. Interpretation by implication is permitted only to 
supply obvious intent not expressly stated, and never to contradict nor add to a
statute.



Commonwealth of Mass. v. United N. & S. Dev. Co., 168 S.W.2d 226, 229 (Tex. 1942); see also
Sexton v. Mt. Olivet Cemetery Ass'n, 720 S.W.2d 129, 138 (Tex. App.--Austin 1986, writ ref'd
n.r.e.). One observes that the implication for which Mission contends contradicts the right to an
administrative appeal given expressly and generally in section 11.13(a).

 Mission does not deny a contention made by Dizdar and the Central Education
Agency that the Commissioner has consistently interpreted section 19.0221(i) to mean that an
administrative appeal may be taken to him when the board of trustees of both districts disapprove
a petition. This is, in our view, a reasonable interpretation of section 19.0221(i) for the reasons
set out above--the almost unrestricted right to an appeal given in section 11.13(a) and the absence
of any denial or restriction of that right in the Code provisions pertaining to detachment and
annexation of school-district territory.

 Mission points out next that in our opinion in the first appeal, we referred to a 1995
amendment of another section of the Code. "Given that [the court] looked beyond the controlling
statute [a pre-1995 statute] to its successor statute in order to reach a just interpretation," Mission
argues, "it is equitable that this Court do so again and look beyond the controlling statute [section
19.9221(i)] to its successor statute in this situation." This argument is based on a false premise.
It assumes that in the first appeal we treated the 1995 amendment as having some bearing on the
meaning to be assigned the pre-1995 statute involved in that appeal. We did not. Even a casual
reading of our earlier opinion demonstrates without question that we referred only to the fact that
the controlling pre-1995 statute had been amended. See Marted, slip op. at 4 n.1. Nothing in 
our opinion remotely suggested that the amendment bore upon our conclusion that the statute in
question, as interpreted by the Commissioner, produced an absurd result.

 The mere fact that section 19.0221(i) was amended in 1995 to prohibit
administrative appeals, in cases like the present, carries a presumption that the legislature intended
to change the original enactment by withdrawing or rescinding a right to appeal that existed
before. See American Sur. Co. of N.Y. v. Axtell, 36 S.W.2d 715, 719 (Tex. 1931); 1A Sutherland
Statutory Construction § 22.30, at 266 (5th ed. 1993). While the presumption is not conclusive,
Mission has not suggested any persuasive considerations in support of a contention that the
legislature did not intend such a change in the law by its 1995 amendment of section 19.0221(i).

 The best that may be said in support of Mission's position is that section 19.0221(i)
is ambiguous or uncertain as to whether an administrative appeal may be taken when both school
districts disapprove a petition for detachment and annexation. We believe the statute is
unambiguous and certain in that respect. Assuming the contrary, however, it was the
Commissioner's duty to interpret the ambiguous or uncertain statute and assign to it a particular
meaning, which he did. His chosen meaning was that such a right of appeal existed in those
circumstances. We cannot say this contradicts the plain meaning of section 19.0221(i) or that it
is otherwise unreasonable in context. We refer again to the fact that the general right of appeal
exists by virtue of section 11.13(a) and nothing in section 19.0221(i) or elsewhere denies the right. 
While we are not bound by the Commissioner's interpretation of the statutes, we will not in these
circumstances set aside his interpretation. See Sanford v. Butler, 181 S.W.2d 269, 273 (Tex.
1944).

 For the reasons given, we hold the district court erred in its judgment that the
Commissioner lacked subject-matter jurisdiction over Dizdar's administrative appeal. We
therefore reverse the judgment below and remand the cause to the district court for proceedings
not inconsistent with our opinion. Because our discussion and holdings are a sufficient basis for
our decision, we need not consider the remaining assignments of error brought by Dizdar and the
Central Education Agency.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Reversed and Remanded

Filed: November 30, 2000

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The petitions for detachment and annexation were actually filed by "Marted, a Texas
General Partnership," Dizdar's predecessor in title and interest. For convenience, however, we
will treat Dizdar as the litigant before the Commissioner and in district court, where Dizdar
intervened in the present cause.
2. The writing of our opinion is burdened a good deal by the fact that we are required to
consider the interplay of present and former sections of the Texas Education Code. The Code was
revised and amended extensively in 1995, but the present litigation is governed by sections 11.13
and 19.0221 as these existed before 1995. For clarity, we will hereafter refer to these in the
present tense as if they were still in effect. Where necessary, we will identify by appropriate
terms the post-1995 provisions that bear on the parties' contentions and arguments.
3. The district-court judgment requires construction. It reverses "in all respects" the
Commissioner's "decision." The judgment declares that this action is "based on the jurisdictional
arguments presented by" Mission. The judgment omits, however, to make any disposition of
Mission's cause of action even while it states "[t]his is a final judgment." Because the judgment
was obviously intended to be a final judgment based on Mission's allegation that the Commissioner
lacked jurisdiction to hear and determine Dizdar's administrative appeal, we conclude the proper
construction and effect of the judgment is to reverse the Commissioner's final order and to remand
the controversy to that officer to be dismissed for want of subject-matter jurisdiction.


ding of our earlier opinion demonstrates without question that we referred only to the fact that
the controlling pre-1995 statute had been amended. See Marted, slip op. at 4 n.1. Nothing in 
our opinion remotely suggested that the amendment bore upon our conclusion that the statute in
question, as interpreted by the Commissioner, produced an absurd result.

 The mere fact that section 19.0221(i) was amended in 1995 to prohibit
administrative appeals, in cases like the present, carries a presumption that the legislature intended
to change the original enactment by withdrawing or rescinding a right to appeal that existed
before. See American Sur. Co. of N.Y. v. Axtell, 36 S.W.2d 715, 719 (Tex. 1931); 1A Sutherland
Statutory Construction § 22.30, at 266 (5th ed. 1993). While the presumption is not conclusive,
Mission has not suggested any persuasive considerations in support of a contention that the
legislature did not intend such a change in the law by its 1995 amendment of section 19.0221(i).

 The best that may be said in support of Mission's position is that section 19.0221(i)
is ambiguous or uncertain as to whether an administrative appeal may be taken when both school
districts disapprove a petition for detachment and annexation. We believe the statute is
unambiguous and certain in that respect. Assuming the contrary, however, it was the
Commissioner's duty to interpret the ambiguous or uncertain statute and assign to it a particular
meaning, which he did. His chosen meaning was that such a right of appeal existed in those
circumstances. We cannot say this contradicts the plain meaning of section 19.0221(i) or that it
is otherwise unreasonable in context. We refer again to the fact that the general right of appeal
exists by virtue of section 11.13(a) and nothing in section 19.0221(i) or elsewhere denies the right. 
While we are not bound by the Commissioner's interpretation of the statutes, we will not in these
circumstances set aside his interpretation. See Sanford v. Butler, 181 S.W.2d 269, 273 (Tex.
1944).

 For the reasons given, we hold the district court erred in its judgment that the
Commissioner lacked subject-matter jurisdiction over Dizdar's administrative appeal. We
therefore reverse the judgment below and remand the cause to the district court for proceedings
not inconsistent with our opinion. Because our discussion and holdings are a sufficient basis for
our decision, we need not consider the remaining assignments of error brought by Dizdar and the
Central Education Agency.



 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Reversed and Remanded

Filed: November 30, 2000

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The petitions for detachment and annexation were actually filed by "Marted, a Texas
General Partnership," Dizdar's predecessor in title and interest. For convenience, however, we
will treat Dizdar as the litigant before the Commissioner and in district court, where Dizdar
intervened in the present cause.
2. The writing of our opinion is burdened a good deal by the fact that we are required to
consider the interplay of present and former sections of the Texas Education Code. The Code was
revised and amended extensively in 1995, but the present litigation is governed by sections 11.13
and 19.0221 as these existed before 1995. For clarity, we will hereafter refer to these in the
present tense as if they were still in effect. Where necessary, we will identify by appropriate
terms the post-1995 provisions that bear on the parties' contentions and arguments.
3. The district-court judgment requires construction. It reverses "in all respects" the
Commissioner's "decision." The judgment declares that this action is "based on the jurisdictional
arguments presented by" Mission. The judgment omits, however, to make any disposition of
Mission's cause of action even while it states "[t]his is a final judgment." Because the judgment
was obviously intended to be a final judgment based on Mission's allegation that